IN THE MATTER OF THE STATE, JACOB O. SEYMOUR, RELA-
TOR, v. GEORGE W. DILLOWAY.

*A justice of the peace is not disqualified from executing the functions of
his office because the township or ward in which he was elected and
where he resides, has been changed and thrown into a new munici-
pality.*

On motion for rule to show cause why a *quo warranto*
should not issue.

Argued before OGDEN and HAINES, Justices.

The opinion of the court was delivered by

OGDEN, J.   The motion made in this cause must fail, be-
cause the facts set forth in the affidavit do not make out that
the defendant *prima facie,* is illegally executing the office of
a justice of the peace.

It appears that Mr. Dilloway was duly elected a justice of
the peace in April, 1862, in the township of Bergen, in Hud-
son county, in this state, where he still resides, and was
commissioned by the governor, and thereupon proceeded to
execute the functions of his office.

On the 18th of March, 1863, the southwesterly portion of the
town of Bergen, described by metes and bounds, was created
into a new township, called the township of Greenville.   The
territorial lines of the new township include that part of
the former town of Bergen, in which George W. Dilloway
resided when he was elected a justice of the peace, and where
he has continued to reside.   It is contended in behalf of the
relator, that Mr. Dilloway cannot execute the functions of
his office, because the locality was designated and known as
the town of Bergen when he was elected.

The constitution provides that justices of the peace shall
be elected at the annual township meetings in the several
counties of the state, and wards in cities voting by wards;
that they shall be commissioned for the county, and shall

hold their office for five years, unless elected to fill vacancies; provided, that the commission of any justice of the peace shall become vacant upon his ceasing to reside in the township in which he is elected.

The question turns upon the meaning of the phrase " *ceasing to reside,*" as used in the constitution. Did the convention mean that a justice should be stripped of his office, if the inhabitants of the township in which he was elected should choose to give it a more euphonious name by an act of the legislature or to erect a portion of it into a new municipality? Or, if the mayor and common council of a city, in the exercise of power delegated to them by the legislature, should subdivide and change the limits of the wards? Or, was the proviso intended to prevent a person from moving out of a township in which elected, into another one which had its complement of justices, as allowed by the constitution?

There can be no doubt upon the correct construction of the provision. Justice Dilloway was constitutionally elected in the locality wherein he then resided; he is commissioned for the county; he has not changed his residence or done any act in contravention of the provision of the constitution referred to, and hence was not disfranchised by the legislative act which created the new township of Greenville.

             The rule is refused, with costs.